**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MICHAEL MCGEE**                                                                      **PETITIONER**

**v.**                                                         **No. 2:07CV198-P-A**

**STATE OF MISSISSIPPI, ET AL.**                                       **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Michael McGee for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Fact and Procedural Posture**

On May 27, 2004, McGee was convicted of one count of conspiracy and one count of felony sale of marijuana in the Circuit Court of Bolivar County, Mississippi, and was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. He appealed this decision, and, on May 2, 2006, the Mississippi Court of Appeals affirmed his conviction and sentence. *McGee v. State*, 928 So.2d 250 (Miss. App. 2006) (Cause No. 2004-KA-01283-COA). He neither filed a motion for rehearing in the Mississippi Court of Appeals nor sought a writ of *certiorari* to the Mississippi Supreme Court. He filed an application for post-conviction relief in the Mississippi Supreme Court on July 16, 2007. The Supreme Court denied McGee's post-conviction motion August 14, 2007.

## One-Year Limitations Period

Resolution of this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Subsections (B), (C), and (D) do not apply to this case. Thus, the petitioner, who seeks *habeas corpus* relief under 28 U.S.C. § 2254 must file his petition within one year of the date his conviction becomes final in state court. The petitioner never sought rehearing in the Mississippi Court of Appeals. As such, to determine the date the petitioner's conviction became final, the court must add fourteen days (the time period during which the petitioner could have sought such review) to May 2, 2006, (the date on which the petitioner's direct appeal ended). MISS. R. APP. P. 40(a); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As such, the petitioner's conviction became final on May 16, 2006, fourteen days after his conviction was affirmed – (May 2, 2006 + 14 days).

Although the petitioner filed an application for post-conviction relief, he did not do so until July 16, 2007, sixty-one days after the May 16, 2007, federal deadline for *habeas corpus* relief expired. 28 U.S.C. § 2244(d)(2). As such, the state application for post-conviction relief did not toll the federal limitations period. Under the "mailbox rule," McGee's *pro se* federal *habeas corpus* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant petition was stamped "filed" in this case on October 19, 2007. As McGee failed to date the petition, the court has calculated the signature date by allowing the standard three days for United States Postal Service delivery, setting the date of filing at October 16, 2007. Using this earlier date, the instant federal petition for *habeas corpus* relief was filed 153 days beyond the May 16, 2007, deadline for filing. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling; as such, his petition must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999) (as petitioner was not actively misled or prevented in some extraordinary way from asserting his rights, equitable tolling is inappropriate). For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE